**REITER OLDSMOBILE, INC., Plaintiff,**

v.

**GENERAL MOTORS CORPORATION and Tober Foreign Motors, Inc., Defendants.**

Civ. A. No. 79–732–K.

United States District Court,
D. Massachusetts.

Sept. 19, 1979.

Bingham, Dana & Gould, Daniel L. Goldberg, Boston, Mass., for defendant General Motors Corp.

Robert L. Dambrow, Cooley, Shrair, Alpert & Labovitz, Springfield, Mass., for defendant Tober Foreign Motors, Inc.

Michael West, Kamberg, Berman & Hendel, Springfield, Mass., for plaintiff.

## OPINION

KEETON, District Judge.

On April 10, 1979, General Motors Corporation filed a Petition for Removal, under 28 U.S.C. § 1441(c), of an action pending in the Superior Court, Department of the Trial Court of the Commonwealth of Massachusetts, County of Hampden, Docket No. 79–240, *Reiter Oldsmobile, Inc., Plaintiff v. General Motors Corporation and Tober Foreign Motors, Inc., Defendants.* As expressed by General Motors, this action "derived" from a counterclaim originally filed by Reiter Oldsmobile, Inc. on December 10, 1976, in the Supreme Judicial Court for the County of Suffolk, Docket No. 76–507 Civil, *Tober Foreign Motors, Inc. and General Motors Corporation v. Reiter Oldsmobile, Inc.*

The plaintiff Reiter opposes removal on three grounds: (1) General Motors' Petition for Removal was untimely; (2) the defendant Tober Foreign Motors is a Massachusetts resident and therefore complete diversity jurisdiction does not exist; and (3) only a defendant may remove and General Motors is not a defendant.

As to the first ground, General Motors argues that it became a defendant, and the case then for the first time became removable, when the clerk of the Superior Court for the County of Hampden restyled the case, after disposition of the primary claim of Tober and General Motors in Docket No. 76–507 Civil, in the Supreme Judicial Court. Although this restyling of the case to designate Reiter as plaintiff and General Motors and Tober as defendants occurred on an unspecified earlier date, General Motors argues that it first received notice of the

restyling on March 22, 1979, and that its Petition for Removal, filed within 30 days thereafter, is timely.

As to the second ground, General Motors asserts: (a) any claim against Tober is a separate and independent cause of action from other, clearly-removable claims by Reiter against only General Motors, and therefore the entire case is removable under 28 U.S.C. § 1441(c); (b) the complaint states no cause of action against Tober, whose joinder was therefore "fraudulent" and cannot be relied upon to defeat removal jurisdiction; and (c) Tober is not an indispensable party whose presence defeats removal jurisdiction.

Because of disposition on plaintiff's third ground of opposition, as explained below, it is unnecessary to decide other disputed issues.

■ When the counterclaim was originally filed, the case was not removable. Only a defendant may remove under 28 U.S.C. § 1441. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 104–105, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972). General Motors was instead a plaintiff, though one against whom a counterclaim had been asserted.

■ The meaning of "defendant" as used in 28 U.S.C. § 1441, and as used in § 1446, authorizing a "defendant" to file a petition for removal, is a matter of federal law. *Shamrock Oil*, supra, 313 U.S. at 104, 61 S.Ct. 868. Even were the restyling shown to be authoritatively directed by state statute, rule, or court order rather than being initiated by the clerk, and even were it effective to make General Motors a defendant only upon the clerk's act of restyling the case, rather than by operation of law at an earlier time, the restyling of the case by the Clerk of Hampden County still does not make General Motors a "defendant" within the meaning of 28 U.S.C. §§ 1441 and 1446. The federal statutory directive is jurisdictional. Its meaning is not dependent on the vagaries of different state laws and different interpretations of state laws, however authoritative they may be for state law purposes.

General Motors was a plaintiff in Docket No. 76–507 Civil, Supreme Judicial Court, not a defendant within the meaning of the term "defendant" as used in 28 U.S.C. §§ 1441 and 1446. To say, as General Motors does in its Petition for Removal, that Docket No. 79–240 in Hampden County is "derived from a counterclaim" in that action understates the fact. Docket No. 79–240 is a continuation of the same civil action. The Supreme Judicial Court transferred part of the action to the Superior Court, Hampden County, while retaining another part for its own original disposition. The recognition that No. 79–240 is "derived from" No. 76–507 Civil does, however, underscore the significant point that Reiter's "claims" or "counterclaims," whichever one chooses to call them, are based on subject matter within the scope of 76–507. General Motors was a plaintiff, not a defendant, in that action, and remains so for purposes of 28 U.S.C. §§ 1441 and 1446, even after final disposition of the claims of the "plaintiffs" and the clerk's restyling of the remainder of the case. Cf. *Coastal Air Service, Inc. v. Tarco Aviation Service, Inc.*, 301 F.Supp. 586 (S.D.Ga.1969).

The case will be remanded to the Superior Court of Hampden County.