**ESTATE OF G. R. RAINS, Plaintiff,**

v.

**Gary DINGES and Paganica, Inc., Defendants.**

**Civ. A. No. 87–1533–T.**

United States District Court, D. Kansas.

July 26, 1991.

Edward G. Collister, Jr., Collister & Kampschroeder, Lawrence, Kan., Michael J. Friesen, Friesen & Wendler, P.A., Garden City, Kan., for plaintiff.

Susan G. Saidian, Morrison & Hecker, Wichita, Kan., Richard J. Rome, Hutchinson, Kan., for defendants.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on its own motion. This case was set for jury trial to commence on July 29, 1991. Because the court concludes that it lacks subject matter jurisdiction, this action shall be remanded to the District Court of Reno County, Kansas, from where it was removed.

This action was originally filed in the District Court of Reno County, Kansas on April 29, 1985 by G. R. Rains. Rains died during the pendency of this action, and his estate has been substituted as plaintiff. The original defendants were Boulevard State Bank, Gary L. Dinges and Nickerson State Bank. The Federal Deposit Insurance Corporation (FDIC), in its corporate capacity, was subsequently substituted for Boulevard State Bank. FDIC removed this action pursuant to the provisions of 12 U.S.C. § 1819, Fourth. Following removal, the plaintiff filed an amended complaint adding Paganica, Inc. as a defendant.

Plaintiff alleged that the various defendants made fraudulent representations to him, thereby fraudulently inducing him to execute certain promissory notes and to make certain loans to Dinges and Paganica, Inc. Boulevard State Bank/FDIC counterclaimed against Rains for the amount due on two promissory notes signed by him in the amounts of $100,000 and $150,000. The court granted summary judgment in favor of FDIC on its counterclaims involving the two promissory notes executed by Rains. Doc. 48. Plaintiff's remaining claims against FDIC were dismissed by stipulation of the parties. Doc. 106. The court's grant of summary judgment in favor of FDIC was affirmed by the Tenth Circuit in an unpublished order and judgment. Doc. 132. All parties other than Dinges and Paganica, Inc. have been dismissed from the case.

The statute authorizing the FDIC to remove this action provided at that time that the FDIC had the power—

> Fourth. To sue and be sued, complain and defend, in any court of law or equity, State of Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed *to arise under the laws of the United States*, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, ...

12 U.S.C.S. § 1819, Fourth (1984) (emphasis added). Section 1819, Fourth is a grant of federal question jurisdiction over certain actions involving the FDIC. *See* 28 U.S.C. § 1331 (the district courts have original jurisdiction over all civil actions "arising under" the laws of the United States). Upon the resolution of the claims by and against the FDIC, there remains no basis for federal question jurisdiction under 12 U.S.C. § 1819, Fourth. Diversity of citizenship is lacking as plaintiff and defendants are citizens of Kansas. The court concludes that it lacks subject matter jurisdiction.

28 U.S.C. § 1447 provides in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Pursuant to section 1447, the court must remand this case to the District Court of Reno County, from which it was removed.

IT IS BY THE COURT THEREFORE ORDERED that this case is remanded to the District Court of Reno County, Kansas.