**BRAE ASSET FUND, L.P., As Assignee of the Federal Deposit Insurance Corporation, Plaintiff,**

v.

**John A. DION, Stephen A. Dion and D & S Hy–Tec Tooling Co., Inc. d/b/a Starlight Luxury Limousine, Defendants.**

**Civil Action No. 95–12002–DPW.**

United States District Court, D. Massachusetts.

Feb. 29, 1996.

**30**

Sharon F. Fearey, Brian K. Bowen, Winokur, Winokur, Serkey & Rosenberg, PC, Plymouth, MA, for plaintiff.

Michael P. Mason, Lewinger, Mason & Duffy, Hingham, MA, for defendants.

## MEMORANDUM AND ORDER

WOODLOCK, District Judge:

The question presented is whether an assignee of the Federal Deposit Insurance Corporation is granted the FDIC's special rights to invoke federal court jurisdiction by removal of pending litigation from state courts.

Brae Asset Fund brought this action on March 31, 1995, in the Massachusetts state court to recover on several notes it purchased from the FDIC. On August 10, 1995, two of the defendants answered and counterclaimed alleging violations of federal law. The plaintiff thereupon removed the case to this court asserting that as assignee of the FDIC it succeeded "to all the procedural and substantive powers of the FDIC including but not limited to those" which grant the FDIC the right to remove actions in which the FDIC is a party "from a State Court to the appropriate United States District Court." 12 U.S.C. § 1823. Finding nothing which can properly support the plaintiff's contention that FDIC's special rights to federal jurisdiction have or can be assigned, I will remand this case to the state court.

Brae has cited no case, and research has not disclosed one, in which the assignee of the FDIC, which commences litigation as plaintiff in the state court regarding an asset assigned to it by the FDIC, may thereafter rely upon the FDIC's removal powers belatedly to remove the case to the federal court after receiving defendant's responsive pleading. In the ordinary removal setting it is only a defendant that can remove, 28 U.S.C. § 1441(a), and if the plaintiff's well-pleaded complaint discloses no basis for federal jurisdiction, the defendant must litigate the claims—even any affirmative federal defenses, *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), or counterclaims, *Rath Packing Co. v. Becker,* 530 F.2d 1295 (9th Cir.1975), *aff'd on other grounds,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977) (finding defendant cannot remove on the basis of a federal question counterclaim); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (finding plaintiff cannot remove on the basis of a federal question counterclaim), it may assert—in state court.

To be sure, Congress undertook to grant the FDIC extraordinary rights of removal by treating most litigation involving the FDIC as within the federal question jurisdiction, 12 U.S.C. § 1819(b)(2)(A) & (D), and permitting removal even in the absence of a demonstration of federal jurisdiction in the complaint. *Capizzi v. FDIC,* 937 F.2d 8, 10–11 (1st Cir.1991).

Moreover, as the plaintiff notes, there are cases from the Fifth Circuit in which federal courts have retained jurisdiction after the FDIC or the FSLIC, a parallel federal entity, has left the case as a party whether by settlement, *Walker v. FDIC,* 970 F.2d 114, 120 (5th Cir.1992) or dismissal, *Bank One Texas Nat'l Assn. v. Morrison,* 26 F.3d 544, 547 (5th Cir.1994), or by assigning its interest to another *FSLIC v. Griffin,* 935 F.2d 691, 696 (5th Cir.1991), *cert. denied sub nom. Griffin v. First Gibraltar Bank,* 502 U.S. 1092, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992). The results in those cases, however, are consistent with the practical emphasis on efficient judicial administration which is directed

by the concepts of supplemental jurisdiction now embodied in 28 U.S.C. § 1367. Cases from other jurisdictions have been unwilling to recognize the right of an FDIC assignee to avoid remand once the FDIC is no longer a party to the federal case. *See, e.g., Estate of Harding by Williams v. Bell,* 817 F.Supp. 1186, 1190–91 (D.N.J.1993); *Mill Investments, Inc. v. Brooks Woolen Co., Inc.,* 797 F.Supp. 49, 53–54 (D.Me.1992); *Estate of Rains v. Dinges,* 769 F.Supp. 353, 354 (D.Kan.1991).

While a reasonable argument can be made that the assignee of the FDIC's interest in the asset of a failed financial institution should be afforded all the substantive benefits the FDIC has been granted to enforce its rights, *see generally FDIC v. Bledsoe,* 989 F.2d 805 (5th Cir.1993), there is no reason why the procedural dimensions to the FDIC's status which grant it federal jurisdiction should pass to its assignee. The federal courts are courts of limited jurisdiction. Both Congress and the federal courts have been cautious about expanding those limitations.

Absent some grant of exclusive jurisdiction to the federal courts by Congress, the state courts have concurrent jurisdiction to hear and determine federal claims. Indeed if the FDIC itself does not timely invoke its rights to federal jurisdiction, litigation in which it is a party may be required to be heard in the state court.

It is an understandable desire of Congress to minimize transaction costs for the FDIC in its litigation by providing recourse to the federal courts where greater familiarity with the special statutory scheme governing FDIC matters may be anticipated. However, this does not by terms or by implication extend to assignees of the FDIC. The assignees have bought a bundle of economic rights in assets of the FDIC. But among those rights is not the right to conduct litigation in the federal courts. That right is provided to permit administrative ease and regularity to a federal entity; it is not available to provide transferable dispensations from the rigors of federal jurisdictional analysis.

Certainly the least worthy candidate for such a dispensation is an assignee which itself commences litigation in the state court and then, after reviewing the responsive pleading, undergoes an agonizing reappraisal which results in a belated effort to bring the matter to the court in which it choose not to file in the first place.

The clerk is hereby directed to remand this action.