**CUSTOM BLENDING INTERNATIONAL, INC.**

v.

**E.I. DuPONT DE NEMOURS AND COMPANY and Cliff Walker.**

**Civil Action No. G–97–079.**

United States District Court, S.D. Texas, Galveston Division.

March 27, 1997.

Charles B. Kirklin, Kirklin & Boudreaux, Houston, TX, for Custom Blending Intern.

Gerald Leigh Bracht, Mayor Day Caldwell & Keeton, Houston, TX, for E.I. DuPont De Nemours and Co.

W. Reid Williamson, Conoco, Legal Dept., Houston, TX, for Cliff Walker.

## ORDER DENYING MOTION TO REMAND

KENT, District Judge.

This breach of contract action was originally filed in state court in Brazoria County. On February 7, 1997, Defendant DuPont removed the action to this Court. Now before the Court is Plaintiff's Motion to Remand of March 17, 1997. For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED.**

■ Plaintiff seeks a remand of this case to the state court from which it was removed on the grounds that Defendant DuPont waived its right to remove the case. First, Plaintiff asserts that DuPont waived its right to remove by contract. Plaintiff asserts that Defendant signed a contract that provided that the laws of the State of Texas would govern any disputes regarding the contract and that the state courts of Texas would be the only courts of competent jurisdiction, and that therefore Defendant cannot remove to this Federal Court. The contract itself, however, states that "the courts *within* Texas will be the only courts of competent jurisdiction." (Liquid Tire Liner Production Agreement, p. 13) (emphasis added). To suggest that this Court is not a court "within Texas" is ridiculous on its face. Not only is this Court within Texas, it is the oldest Federal Court within the state, and if Plaintiff desires a geography and history lesson, the Court would be happy to provide one. For obvious reasons, Plaintiff's first argument regarding waiver of the right to remove is rejected.

■ Plaintiff further asserts that Defendant DuPont waived its right to remove by invoking the jurisdiction of the state court by filing certain motions in state court. Defendant DuPont asserts, however, that it did not file the Motion to Transfer Venue and the Motion for Summary Judgment in state court. Rather, these motions were filed by the other Defendant in this case, Cliff Walker. The Court finds that the filing of these motions, accomplished by another Defendant, are insufficient to waive DuPont's right of removal. The Fifth Circuit has stated that "[a] waiver of the right of removal must be clear and unequivocal." *Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir.1989). The Court finds that there has been no clear and unequivocal waiver by DuPont of its right of removal. Moreover, "[i]n general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" *Id.* (quoting 1A Moore, Federal Practice ¶ 0.157[9] at 153 (1987)). Given the circumstances of this case, the Court finds that Defendant DuPont has not waived its right of removal by the filing of the aforementioned motions in state court.

■ Furthermore, these motions and Defendant DuPont's pleas to the jurisdiction in state court were made before DuPont was aware that the case was removable because of the fraudulent joinder of Cliff Walker as a Defendant. A brief history of the state court action reveals DuPont's justification in removing the action to this Court. In October, 1996, Plaintiff filed a state court action in the 239th District Court of Brazoria County, which named DuPont, who is a diverse party, as the sole Defendant. Plaintiff nonsuited this case less than a month after filing. Plaintiff then refiled an action in November, 1996, in the 149th District Court of Brazoria County against DuPont and named Cliff Walker, a nondiverse party, as another Defendant. It is this action that is currently before the Court.

On December 20, 1996, Cliff Walker executed an affidavit in which he disavowed any connection to or involvement in the underlying facts that are the basis of Plaintiff's suit. In his affidavit, Cliff Walker swears that he has never had any dealings with Plaintiff and has no knowledge regarding the contract made the basis of Plaintiff's cause of action. The information in this affidavit appears to indicate that Cliff Walker was fraudulently joined in Plaintiff's suit. Although the affidavit was prepared on December 20, 1996, counsel for Defendant DuPont did not re-

ceive a copy of it until January 17, 1997. Upon receipt of the affidavit, counsel for DuPont realized that the case was removable because diversity existed between the parties, disregarding the fraudulently joined Cliff Walker. Defendant DuPont removed the case to this Court on February 7, 1997.

Tellingly, in its Motion to Remand, Plaintiff does not dispute the allegation that Defendant Cliff Walker was fraudulently joined to destroy diversity. Rather, Plaintiff argues that Defendant DuPont knew about Cliff Walker's fraudulent joinder on December 20, the date on which he executed his affidavit, and did not timely remove the case. The Court finds, however, that the evidence supports Defendant DuPont's contention that Defendant Cliff Walker was fraudulently joined and that DuPont was not aware of this fact until January 17, 1997. Therefore, the Court finds that Defendant DuPont timely and properly removed the case, that there has been no waiver of the right of removal, and that the case is properly before this Court.

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**