Richard **CRONIN** and Vernon Gibbs, Plaintiffs,

v.

The **FAMILY EDUCATION COMPANY** d/b/a Family Education Network, Defendant.

No. 00–CV–2871 (CBA).

United States District Court, E.D. New York.

July 26, 2000.

Arnold E. DiJoseph, III, DiJoseph, Portegello & Schuster, New York City, Justin M. Perrotta, Robert Noah Feldman, Testa,

Hurwotz & Thibeault, Boston, MA, for Plaintiff.

Steven D. Skolnik, Cox, Padmore, Skolnik & Shakarschy, New York City, for Defendant.

## MEMORANDUM & ORDER

AMON, District Judge.

Plaintiffs initially filed this case in Staten Island state Supreme Court, and defendant removed on the grounds of diversity of citizenship. Plaintiffs do not challenge the presence of diversity jurisdiction, but rather move to remand pursuant to 28 U.S.C. § 1447 on the grounds that the contract at issue contains a forum selection clause which limits litigation to state courts in New York. The clause reads as follows:

> This Agreement shall be governed by, and interpreted under the laws of the State of New York without regard to any choice of law rules which may apply. In the event of any dispute under this Agreement, the parties agree to the exclusive jurisdiction of the courts located in the City and State of New York.

Defendant opposes this motion, arguing that the clause plainly does not limit jurisdiction to state courts.

The basic law regarding forum selection clauses is straightforward: courts should "enforce a contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones v. Weibrecht,* 901 F.2d 17, 18 (2d Cir.1990) (citing *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Forum selection clauses are interpreted according to standard principles of contract law. *See Bison Pulp & Paper, Ltd. v. M/V Pergamos,* No. 89 Civ. 1392, 1995 WL 880775, at *10 (S.D.N.Y. Nov.29, 1995) (citing *John Boutari & Son v. Attiki Importers,* 22 F.3d 51, 53 (2d Cir.1994)). The waiver of a party's

statutory right to remove a case to federal court must be clear and unequivocal. *See John's Insulation v. Siska Construction Co., Inc.*, 671 F.Supp. 289, 294 (S.D.N.Y. 1987) (citations omitted); *City of New York v. Pullman Inc.*, 477 F.Supp. 438, 443 (S.D.N.Y.1979).

A number of cases have considered the exact question at issue here, that is, whether a particular forum selection clause means to limit its reach to state courts, or also includes federal courts. The much-cited *Pullman* case frames the issue as deciding whether the contract clause is a "term of sovereignty" or "term of geography." *Pullman*, 477 F.Supp. at 442. This Court has examined the cases cited by the parties as well as other relevant precedents. It is clear that the cases relied upon by plaintiffs are distinguishable in that the language of the forum selection clauses in those cases clearly limits litigation to state courts. *See Spatz v. Nascone*, 364 F.Supp. 967, 969 (W.D.Pa.1973) (forum in "the Courts of the Commonwealth of Pennsylvania"); *Rogen v. Memry Corp.*, 886 F.Supp. 393, 394 (S.D.N.Y.1995) (forum in "the legal tribunals of the State of New York"); *Arkay Packaging Corp. v. W.R. Chestnut Engineering, Inc.*, No. 97 Civ. 1187, 1997 WL 1068673, at * 1 (E.D.N.Y. July 21, 1997) (contract "shall be adjudicated exclusively in the Courts of the State of New Jersey"). Plaintiffs mistakenly assert that *Arkay* is "exactly on point," Plaintiff's Memo. at 6, and that the clause in *Arkay* is "almost identical" to the one in this case. Plaintiff's Reply Memo. at 4. On the contrary, the differences in the clauses in these two cases nicely illustrate *Pullman*'s distinction between geography ("courts located in the City and State of New York") and sovereignty ("the Courts of the State of New Jersey").

Plaintiffs also rely upon *Intermountain Systems, Inc. v. Edsall Construction Co., Inc.*, 575 F.Supp. 1195, 1198 (D.Colo.1983), in which the Court interpreted a forum selection clause that read "venue shall be in Adams County Colorado." As pointed out in *ORI, Inc. v. Lanewala*, No. 99 Civ. 2402, 1999 WL 1423068, at *2 (D.Kan. Nov.30, 1999), there is no federal district court in Adams County, and therefore this clause can only refer to the state court.

■ In contrast to plaintiffs' cases, the forum selection clause at issue here is plainly geographic ("courts *located in*"). This language is much more analogous to that found in cases where the clauses were held to allow litigation in federal court. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir.1992) (venue "in courts in the State of Ohio"); *Custom Blending Int'l v. E.I. Dupont De Nemours & Co.*, 958 F.Supp. 288, 289 (S.D.Tex.1997) ("[T]he courts within Texas will be the only courts of competent jurisdiction."). Even if the clause at issue herein is not entirely clear, the lack of clarity must be held against the drafter, and defendant has submitted an uncontradicted affidavit stating that plaintiffs' attorney drafted this clause. *See Links Design, Inc. v. Lahr*, 731 F.Supp. 1535, 1536 (M.D.Fla.1990) (clause providing that "the power venue for said action shall be Polk County, Florida" is ambiguous and therefore interpreted against drafter). In addition, ambiguities have to be resolved against the party claiming a waiver of the statutory right to litigate in federal court. *See Pullman*, 477 F.Supp. at 443 (ambiguity in clause choosing "the New York courts" as the forum is construed against finding waiver of the right to litigate in federal court).

■ Plaintiffs make two additional arguments against removal, neither of which has any merit. First, plaintiffs argue that "to remove this matter to the federal courts would prohibit plaintiffs' full right to the appeal process available under the laws of the State of New York as the Supreme Court of the United States is not located in the City and State of New York." Plaintiffs' Brief at 7. In interpreting contract language the intent of the parties is paramount, and the Court cannot imagine that the parties who wrote this contract were actively considering the infini-

tesimal possibility that the United States Supreme Court would somehow grant certiorari in litigation arising under this contract.

■ Plaintiffs' remaining argument is based on language found in *Arkay Packaging,* 1997 WL 1068673, to the effect that because the contract issue provides that New Jersey state law will govern any litigation, it makes no sense to assume that the forum selection clause allows litigation in federal court where New Jersey procedural law could not be applied. *See id.* at *4. The Court does not agree with this reasoning. In New York State courts, the procedural law of the forum is generally applied, regardless of the substantive law. *See Tanges v. Heidelberg North America, Inc.,* 93 N.Y.2d 48, 53, 710 N.E.2d 250, 687 N.Y.S.2d 604 (1999). "In actions where the rights of the parties are grounded upon the law of jurisdictions other than the forum, it is a well-settled conflict-of-laws rule that the forum will apply the foreign substantive law, but will follow its own rules of procedure. While it might be desirable, in order to eliminate 'forum-shopping,' for the forum to apply the entire foreign law, substantive and procedural—or at least as much of the procedural law as might significantly affect the choice of forum, it has been recognized that to do so involves an unreasonable burden on the judicial machinery of the forum, and perhaps more significantly, on the local lawyers involved." *Bournias v. Atlantic Maritime Co.,* 220 F.2d 152, 154 (2d Cir.1955) (citing Restatement of Conflict of Laws). Of course, "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) (discussing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)); *see also* Fed. R.Civ.P. 1. Thus, parties to a contract choose procedural law by choosing a forum, and the Court is therefore disinclined to assume that a choice of law clause expresses a preference about procedural law. Moreover, courts generally interpret New York contractual choice of law provisions to choose only substantive law, not procedural law concerning matters such as burdens of proof, *see Woodling v. Garrett Corp.,* 813 F.2d 543, 552 (2d Cir.1987), statutes of limitations, *see Cafferty v. Scotti Brothers Records, Inc.,* 969 F.Supp. 193, 203 (S.D.N.Y.1997); *Insurance Co. of North America v. ABB Power Generation, Inc.,* 925 F.Supp. 1053, 1059 (S.D.N.Y. 1996), and allocation of power between courts and arbitral panels. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 63–64, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). Accordingly, the contract's choice of law clause does not illuminate the proper interpretation of the forum selection clause.

For the foregoing reasons, plaintiffs' motion to remand is denied.

SO ORDERED.