**Carol Ann PITTMAN, a/k/a Carol Ann Peterson, Independent Executrix of the Estate of John Linwood Pittman, Jr., Deceased and Individually as Beneficiary of John Linwood Pittman, Jr.**

v.

**MEMORIAL HERMAN HEALTHCARE and Memorial Herman Hospital Systems**

No. Civ.A. G–00–551.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 13, 2000.

---

Phillip C Summers, Lawrence D Thompson, Lorance & Thompson, Houston, TX, for plaintiffs.

Michael David Sydow, Verner Liipfert, Houston, TX, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND ORDERING CONSOLIDATION

KENT, District Judge.

This case involves a declaratory judgment action originally brought by Plaintiff in the Probate Court of Galveston, Texas. Defendants removed the case to this Court, and Plaintiff now seeks remand. For the reasons stated below, Plaintiff's Motion to Remand is **DENIED.** In addition, the Court, on its own motion, consolidates this case with **G–00–460.**

## I. BACKGROUND

Plaintiff is the surviving spouse and executrix of the Estate of John Linwood Pittman, Jr. ("John Pittman"). John Pittman served as a pilot in the Life Flight Helicopter System for Defendants Memorial Herman Hospital Healthcare and Memorial Herman Hospital Systems (collectively "MHHS"). On July 17, 1999, John Pittman was killed when the helicopter he was piloting, owned and maintained by MHHS, crashed.

Plaintiff filed a wrongful death and survival action, individually and as a representative of the Estate of John Pittman, against the seller of the helicopter that crashed. This suit is currently pending as Cause No. 67–827B in the Probate Court of Galveston County, Texas. MHHS has been named as a defendant in that case by the adult children of John Pittman.

At the time of his death, John Pittman was covered by Worker's Compensation Insurance, as well as additional death benefits through the Occupational Benefits Plan for the Employees of MHHS ("Plan"). The Plan provides that MHHS is obligated to pay a $1,000,000 death benefit to the "personal representative of the estate of [John Pittman] after the Administrative Committee receives appropriate directions." Plaintiff contends that it has

given the "appropriate directions" required.

On December 21, 1999 MHHS filed a "Petition in Interpleader" in Galveston County Probate Court seeking, inter alia: (1) that a judgment be entered giving MHHS a right of subrogation in the amount of one million dollars, (2) that such judgment state that the right of subrogation be superior to all other rights, and (3) that the defendant stakeholders, including the Plaintiff in this case, be required to execute and deliver to MHHS an Acknowledgment of Receipt of Benefits, providing, among other things that the lawyers for MHHS will prosecute the subrogation action. Plaintiff filed an answer and a motion for summary judgment to which MHHS did not respond. Consequently, the Galveston County Probate Court entered an Agreed Final Judgment, ordering that Carol Pittman was entitled to receive the death benefits and that MHHS was discharged from the interpleader action. In addition, the Agreed Final Judgment provided that "any and all relief not specified is denied."

Because MHHS continued to claim a superior right of subrogation and a right of its lawyers to prosecute such, Plaintiff filed this declaratory judgment in Galveston County Probate Court, seeking a declaration that: (1) MHHS's right of subrogation, if any, was not superior to the rights of recovery sought by the estate, (2) MHHS does not have a right to control any litigation brought by the estate, (3) MHHS does not have any right to control any settlement against any third party who might be found responsible for the death of John Pittman, including MHHS, and (4) MHHS's right of subrogation, if any, does not arise until the plaintiff in the wrongful death and survival action has been made whole.

On August 7, 2000, MHHS filed its own wrongful death and survival action in this Court, claiming to represent the interests of Plaintiff. *See Charles Atteberry Sr. et al v. Eurocopter Deutschland et al.*, No. 00–460 (S.D.Tex. filed August 7, 2000). In addition, on September 11, 2000, MHHS removed Plaintiff's declaratory judgment action. Plaintiff now seeks to remand the declaratory judgment action to Galveston County Probate Court.

## II. *ANALYSIS*

### A. *Remand*

Plaintiff does not contest this Court's jurisdiction of the case. Nor does Plaintiff claim that MHHS failed to remove within thirty days, as required by 28 U.S.C. § 1447(c). Instead, Plaintiff argues that MHHS waived its right to remove.

A defendant may waive its right of removal by taking substantial action in state court prior to removal. *See* 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3721 (1998). Waiver will not occur, however, unless it is "clear and unequivocal." *See Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir.1989); *Custom Blending Int'l Inc. v. E.I. DuPont De Nemours & Co.*, 958 F.Supp. 288, 289 (S.D.Tex.1997). Generally, there is no waiver "short of proceeding to adjudication on the merits." *See Beighley*, 868 F.2d at 782. Waiver is meant to prevent a defendant from using removal as an insurance policy against unfavorable treatment in state court. *See Rosenthal v. Coates*, 148 U.S. 142, 147–48, 13 S.Ct. 576, 577, 37 L.Ed. 399 (1893) ("[A] defendant cannot ... experiment on his case in the state court, and upon an adverse decision then transfer it to the federal court."); *Aynesworth v. Beech Aircraft Co.*, 604 F.Supp. 630, 637 (W.D.Tex.1985) (quoting *Rosenthal*). Thus, simply filing an answer, making preliminary motions, and the like does not waive removal. *See Custom Blending Int'l, Inc.*, 958 F.Supp. at 289 (finding that a defendant did not waive removal by filing motions to transfer venue and summary judgment in state court); *Labry v. IRS*, 940 F.Supp. 148, 149 (E.D.La.1996) (holding that answering a complaint does not waive removal). The

Court observes that in most cases, the short time frame for removal provided in the removal statute prevents waiver situations from occurring at all.

 Turning to the case at hand, the Court observes that MHHS has taken no action which constitutes waiver of its right of removal. MHHS promptly removed the case prior to even filing an answer. Plaintiff argues, however, that MHHS has waived removal by prosecuting its interpleader action in state court. This argument lacks merit. Plaintiff's declaratory judgment action is a wholly new lawsuit. Conduct in a previous lawsuit certainly can have no bearing on its removability. *See Baker v. Firestone Tire & Rubber Co.*, 537 F.Supp. 244, 247 (S.D.Fla.1982) (holding that when a plaintiff voluntarily dismissed its action and subsequently brought the same action against the same defendant, the defendant had the right to remove, despite having participated in the earlier trial for over one year in state court). Moreover, the Court cannot conclude that MHHS is attempting to relitigate its interpleader action in federal court, as Plaintiff contends. After all, it is Plaintiff, not MHHS, who brings this declaratory judgment action. Given the circumstances of the case, the Court finds that MHHS has not waived its right of removal. Plaintiff's Motion to Remand is therefore **DENIED**.

### B. *Consolidation*

 Under the Federal Rules, district courts are vested with broad discretionary authority to consolidate cases in the interests of efficiency and judicial economy. *See* Fed.R.Civ.P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial on any or all the matters in issue in the actions...."); *see also Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.1984) ("Rule 42(a) should be used to expedite trial and eliminate unnecessary confusion"); *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir.1977) (characterizing Rule 42(a) as a "broad grant of authority" and noting that the "trial court's managerial power is especially strong and flexible in matters of consolidation").

 The Court finds that this removed action, *Carol Anne Pittman v. Memorial Herman Healthcare et al.*, G–00–551 and the wrongful death action, *Charles Atteberry Sr. et al. v. Eurocopter Duetschland et al.*, G–00–460, involve common issues of law and fact, and that consolidation would serve to expedite resolution of the contested issues. Thus, the Court, on its own motion, consolidates *Pittman v. Memorial Herman Healthcare et al.*, G–00–551 with *Charles Atteberry Sr. et al. v. Eurocopter Duetschland et al.*, G–00–460. The cause number for the case as consolidated is G–00–460. Hereafter, all pleadings, motions and correspondences of any type shall be filed under this cause number.

**IT IS SO ORDERED.**