Rudy A. **HINGST**, Plaintiff,

v.

**PROVIDIAN NATIONAL BANK, Defendant.**

No. Civ.A. G-00-636.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 15, 2000.

Kenneth Charles Kaye, League City, TX, for Rudy A. Hingst, plaintiff.

C. Ed Harrell, Hughes Watters & Askanase, Houston, TX, for Providian National Bank, defendant.

## *ORDER DENYING PLAINTIFF'S MOTION TO REMAND*

KENT, District Judge.

Plaintiff Rudy A. Hingst ("Hingst") brings this action under state law and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1501 et seq., against Defendant Providian National Bank ("Providian"). Now before the Court is Plaintiff's Motion to Remand. For the reasons stated below, Plaintiff's Motion to Remand is **DENIED.**

### I. BACKGROUND

Hingst filed suit against Providian in the County Court No. 2 of Galveston County, Texas on September 15, 2000, and served Providian with notice of suit on September 21, 2000. Providian answered in state court and then filed its Notice of Removal with this Court on October 20, 2000, alleging federal question jurisdiction. Thereafter, on November 20, 2000, Hingst filed his Motion to Remand urging that Providian had waived its right to remove based upon

Providian's prior participation in the litigation of a related state court lawsuit.

The parties do not dispute the basic facts of this previous lawsuit. On February 23, 1999, Providian had sued Hingst in County Court No. 2 of Galveston County for collection of a debt allegedly owed to it by Hingst. Providian, however, later non-suited its claim against Hingst on May 27, 1999. Five days later, on June 1, 1999, Hingst answered Providian's suit and included in this answer a counterclaim reflecting the very same allegations that form the basis of Hingst's claim in the present lawsuit, namely that Providian actually owed Hingst money and that Providian had also violated state and federal debt collection laws. The Texas state court signed an order dismissing Providian's claims without prejudice on June 15, 1999. Providian continued, however, to participate in the state court suit in its new role as solely a defendant. It answered Hingst's counterclaim on November 4, 1999, began participating in discovery, and the case was set for trial.

■ Later, on August 11, 2000 Providian filed a motion to dismiss Hingst's claim, asserting that the state court lacked jurisdiction over the action. Under Texas law, a nonsuit is effective upon the date of its filing. *See Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982). Thus, because Hingst had not filed his counterclaim requesting affirmative relief with the state court prior to Providian's filing of its nonsuit, the state court's jurisdiction to hear Hingst's claim had terminated. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex.1997); *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 840–41 (Tex.1990). Accordingly, on September 8, 2000, despite both parties having acted for some time as though the matter should go forward, the state court dismissed Hingst's counterclaim based upon its lack of jurisdiction. This naturally led Hingst to refile his claim, which he did one week later, on September 15, 2000, in the same state court. This refiled claim is the present action that Providian has removed to this Court.

## II. ANALYSIS

■ At the outset, the Court notes that Defendant, as the removing party, must carry the burden of establishing the existence of federal jurisdiction. *See Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir.1989); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any doubts surrounding removal must accordingly be resolved in favor of remanding the action back to state court. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000), *cert. denied*, —— U.S. ——, 120 S.Ct. 2658, 147 L.Ed. 273 (2000). United States District Courts have jurisdiction over federal question cases. *See* 28 U.S.C. § 1331. Federal question cases encompass matters that "arise under the Constitution, laws or treaties of the United States." *See id.* Ordinarily, federal jurisdiction is determined by looking to the plaintiff's "well-pleaded complaint" and ascertaining whether or not it raises issues of federal law. *See Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir.1999).

■ Indisputably, Plaintiff's well-pleaded complaint, by asserting a claim for relief under the Federal Fair Debt Collection Practices Act raises an issue of federal law. Accordingly, Plaintiff does not contest this Court's jurisdiction of the case. Nor does Plaintiff claim that Defendant failed to remove within thirty days, as required by 28 U.S.C. § 1446(b). Instead, Plaintiff argues that Defendant waived its right to remove based upon its conduct in a previous piece of litigation.

■ The Court observes that in most cases, the statutory requirement that a defendant remove the case within 30 days of its having become removable prevents

waiver situations from occurring at all. *See id.* Nevertheless, there is no question that a defendant may waive its right of removal by taking substantial action in state court prior to removal. *See* 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3721 (3d ed. 1998). Waiver will not occur, however, unless it is "clear and unequivocal." *See Beighley v. F.D.I.C.,* 868 F.2d 776, 782 (5th Cir.1989); *Custom Blending Int'l, Inc. v. E.I. Dupont De Nemours & Co.,* 958 F.Supp. 288, 289 (S.D.Tex.1997). Generally, there is no waiver "short of proceeding to adjudication on the merits." *See Beighley,* 868 F.2d at 782. In essence, waiver is meant to prevent a defendant from using removal as an insurance policy against unfavorable treatment in state court. *See Rosenthal v. Coates,* 148 U.S. 142, 147–48, 13 S.Ct. 576, 577, 37 L.Ed. 399 (1893) ("[A] defendant cannot ... experiment on his case in the state court, and upon an adverse decision then transfer it to the federal court."); *Aynesworth v. Beech Aircraft Corp.,* 604 F.Supp. 630, 637 (W.D.Tex.1985) (quoting *Rosenthal*). Thus, simply filing an answer, making preliminary motions, and the like does not waive the right of removal. *See Custom Blending Int'l, Inc.,* 958 F.Supp. at 289 (finding that a defendant did not waive its right to remove by filing motions to transfer venue and for summary judgment in state court); *Labry v. I.R.S.,* 940 F.Supp. 148, 149 (E.D.La.1996) (holding that answering a complaint does not waive removal).

■ Turning to the case at hand, the Court observes that Defendant has taken no action in this lawsuit that constitutes waiver of its right of removal. Defendant filed an original answer in state court and later amended this answer, but nevertheless timely filed its notice of removal. Plaintiff argues, however, that Defendant has waived its right to removal by participating in a related lawsuit that previously existed in state court. This argument lacks merit. Plaintiff's lawsuit against Defendant is a wholly new lawsuit. It makes no differ-ence that Plaintiff's claims are the same, and that Defendant failed to remove the previously dismissed state court suit. A defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit. *See Baker v. Firestone Tire & Rubber Co.,* 537 F.Supp. 244, 247 (S.D.Fla.1982) (holding that when a plaintiff voluntarily dismissed an action and subsequently brought the same action against the same defendant, the defendant had the right to remove, despite having participated in the earlier trial for over one year in state court). Therefore, Plaintiff's Motion to Remand is **DENIED.**

### III. CONCLUSION

Plaintiff has filed a distinct new lawsuit versus Defendant. A basis existed in this new suit for Defendant to remove the dispute to this Court and Defendant did so remove in a timely manner. Contrary to Plaintiff's argument, Defendant has not waived its right to removal based upon its actions in the prior state court suit. Accordingly, for the reasons set forth in more detail above, Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED.**