UNITY CREATIONS, INC., Plaintiff,

v.

TRAFCON INDUSTRIES, INC.; Shawn M. Gallagher; and H. Matthew Johnson, Defendants.

No. 00–CV–2168.

United States District Court, E.D. New York.

March 20, 2001.

---

Gentin & Sencer, Mineola, NY, By Myra G. Sencer, of counsel, for Plaintiff.

Lederman, Abrahams, Lederman & Zarett, LLP, Massapequa, NY, By David A. Zaretti, of counsel, for Defendants.

Obermayer, Rebmann, Maxwell & Hippel, LLP, Harrisburg, PA, By Andrew J. Giorgione, of counsel, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This contract case involves a simple question of whether the forum selection clause agreed to by the parties, providing for jurisdiction over any dispute to be in New York State Supreme Court, Suffolk County, prevents the Defendants from removing the case to this Court based on

diversity of citizenship under the provisions of 28 U.S.C. § 1332.

In December 1998, the Plaintiff, a New York corporation with its principal place of business in Nassau County, New York, entered into an agreement with the Defendants, a Pennsylvania corporation and its principals, both residents of Pennsylvania, concerning the licensing of a machine created by the Plaintiffs and purchased by the Defendants. The agreement included a forum selection clause reading as follows:

> It is mutually agreed by all parties to this Agreement, that the law of the State of New York shall govern any and all issues of rights, remedies, and construction of all terms, conditions, definitions, both express and implied herein. The Parties agree that jurisdiction of all legal disputes shall be decided in the Supreme Court of the State of New York, County of Suffolk and the parties hereby agree to submit to the jurisdiction of that court, agree to accept service of process by mail, and waive any jurisdictional or venue defenses otherwise available.

According to the Plaintiff, the Defendants failed to pay the sums required by the agreement, and on March 7, 2000, the Plaintiff commenced an action for breach of contract, fraud, and theft of trade secrets in New York State Supreme Court. Curiously, however, the Plaintiff filed this action in Nassau County Supreme Court, not Suffolk as set forth in the forum selection clause of the contract set forth above.

On April 14, 2000, the Defendants removed the action to this Court, citing diversity of the parties under 28 U.S.C. § 1332. On May 15, 2000, the Plaintiff moved to remand the case, citing the forum selection clause. The Defendants argue that the forum selection clause does not prevent removal to federal court, and further contend that the Plaintiff has waived the operation of the clause by filing its action in the wrong county.

■ The issue of whether a forum selection clause prevents removal of a case to federal court has attracted significant judicial consideration. It has well-recognized that waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal. *Cronin v. Family Education Co.*, 105 F.Supp.2d 136, 137–38 (E.D.N.Y.2000), *citing John's Insulation v. Siska Construction Co., Inc.*, 671 F.Supp. 289, 294 (S.D.N.Y.1987). Such a waiver has usually been found where the forum selection clause identifies a particular court in which disputes will be heard, *see e.g. Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir.1988) (clause providing that no action shall be commenced "except in the Supreme Court of the State of New York" operated as waiver), *John's Insulation*, 671 F.Supp. at 294 (finding of waiver supported by "specific designation of 'the Supreme Court of the State of New York' as the forum for commencement of actions"), and not in clauses where courts are simply identified geographically. *Cronin*, 105 F.Supp.2d at 138 (removal permitted where clause invoked "jurisdiction of the courts located in the City and State of New York"); *City of New York v. Pullman Inc.*, 477 F.Supp. 438, 442 (S.D.N.Y. 1979) (provision stating "only the New York courts shall have jurisdiction over this contract" did not preclude removal). *See also Rogen v. Memry Corp.*, 886 F.Supp. 393, 396 (S.D.N.Y.1995) (explaining the difference).

■ In this case, the forum selection clause does identify a particular jurisdiction, not just a geographical locus where the case should be heard. By specifically agreeing that disputes would be heard in the New York State Supreme Court, the

Defendant would ordinarily be deemed to have waived its right to remove the case. However, resolution of this issue is complicated by the unorthodox language used in the clause here, which states that "jurisdiction of all legal disputes shall be decided in the Supreme Court." The precise intent of this provision is unclear: it makes little sense on its face, and the awkward phrasing suggests that it reflects an incomplete revision of language that existed in a prior version of the agreement. Omitting the clause "jurisdiction of" yields a provision establishing state court as the proper venue to the exclusion of federal court, while omitting "decided" yields a provision that appears to grant non-exclusive jurisdiction to the Supreme Court.

■ The difference is significant since the Second Circuit has held that " '[w]hen only jurisdiction is specified, the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive,' while 'if mandatory venue language is employed, the clause will be enforced.'" *John Boutari & Son, Wines and Spirits, S.A. v. Attiki*, 22 F.3d 51, 52–53 (2d Cir.1994). In other words, if the parties' agreement stipulates that a state court shall be the *venue* for a dispute, the defendant's right to remove the case to federal court would be deemed waived; removal would necessarily move the case to a venue other than the one in the agreement. However, if the agreement only establishes that a state court shall have *jurisdiction* over a dispute, the right to remove the case would not be affected; personal jurisdiction over a defendant is an issue distinct from the question of where a trial will be held.

■ Because there is an ambiguity in the clause, the Court must interpret it against the drafter. *Albany Savings Bank v. Halpin*, 117 F.3d 669, 674 (2d Cir.1997); *Pullman*, 477 F.Supp. at 443.

In this case, it is undisputed that the agreement was drafted by the Plaintiff. Accordingly, the Court interprets the ambiguous forum selection clause to only establishes that New York State Supreme Court shall have jurisdiction over this dispute, not to require that it be the venue of the action. Such a conclusion is justified by the facts of this case: the Defendants are residents of the state of Pennsylvania, and there is no evidence to suggest that they would otherwise be subject to the personal jurisdiction of courts in New York. Nevertheless, nothing in the clause suggests that this jurisdiction is intended to be exclusive. *Accord Boutari*, 22 F.3d at 52 (clause declaring that Greek courts will have jurisdiction over "any dispute" did not provide for exclusive jurisdiction in Greece).

■ In any event, even if the forum selection clause could be read as the Plaintiff suggests, the Court would nevertheless deny the Plaintiff's motion to remand on the grounds that the Plaintiff has waived its right to insist on the designated forum. In New York, when a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause on the claims it pursues. *Pirolo Brothers, Inc. v. Angelo Maffei and Figli, SAS*, 1989 WL 20945 (S.D.N.Y.1989); *see also In Re Rationis Enterprises, Inc.*, 1999 WL 6364 (S.D.N.Y. 1999) ("a forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it").

While the Plaintiff attempts to distinguish *Pirolo* by pointing out that its decision to commence this action in Nassau County resulted from its corporate offices moving there during the life of the contract, the Court fails to see any difference between the two cases. In *Pirolo*, the plaintiff and defendant had an agreement requiring disputes to be litigated in Italy,

although the defendant had litigated several suits under the contract against the plaintiff in New York to collect on certain unpaid transactions occurring under the contract. *Id.* When the plaintiff then commenced a new suit against the defendant for unpaid commissions under the contract, the defendant invoked the forum selection clause. The court held that by ignoring the forum selection clause in the earlier actions, the defendant waived the clause, but only for those particular causes of action previously sued upon. Here, the Plaintiff seeks a remand of the exact action that it previously filed in violation of the terms of the forum selection clause. Under these circumstances, it is appropriate to deem the Plaintiff to have waived the benefits of the clause for the purpose of this action.

■ A court will enforce a forum selection clause unless doing so would be unreasonable or unjust. *Jones v. Weibrecht,* 901 F.2d 17, 18 (2d Cir.1990), *citing Bremen v. Zapata OffShore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Here, enforcing the term of the contract by remanding the case to Nassau County would be unjust to the Defendants who bargained for the right to be sued only in Supreme Court, Suffolk County. Because the remedy of remand sought by the Plaintiff would not have the effect of bringing about the situation the parties apparently bargained for, the Plaintiff's motion to remand is DENIED. The parties are directed to immediately contact the chambers of United States Magistrate Judge Michael L. Orenstein to set a date for an initial conference and to establish a discovery schedule.

**SO ORDERED**