268 F.Supp.2d 87 (2003)
Neftali RODRIGUEZ and Edwin Gonzalez, Plaintiffs
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant
No. CIV.A.03-30057-MAP.
United States District Court, D. Massachusetts.
June 23, 2003.
Thomas J. McCormick, Heisler, Feldman & McCormick, Springfield, MA, for Plaintiffs.
Kevin F. Moloney, Barron & Stadfield, Boston, MA, for Defendant.
MEMORANDUM AND ORDER WITH REGARD TO EDWIN GONZLEZ'S MOTION TO REMAND (Document No. 02)
NEIMAN, United States Magistrate Judge.
Edwin Gonzalez ("Gonzalez") moves to remand the instant action to the Hampden *88 County Housing Court from which it was removed by the Federal National Mortgage Association ("FNMA"). FNMA opposes the motion, stating that removal was proper because the action involves a federal question regarding 12 U.S.C. § 1723a, the statute under which FNMA is chartered. Gonzalez's motion to remand was originally referred to this court for a report and recommendation, see 28 U.S.C. § 636(b), but the parties have since consented to the court's jurisdiction, see 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73(b).
Gonzalez's motion poses an interesting question of law: whether FNMA, which was both the plaintiff and the defendantin-counterclaim in the state lawsuit, can remove the action to federal court once it dismissed its claims against Gonzalez and became, ostensibly, the "defendant" in the state court proceedings. For the reasons explained below, the court concludes that the answer to that question is no and, accordingly, will allow Gonzalez's motion to remand.

I. BACKGROUND

The procedural background to this case is essentially undisputed. On January 3, 2003, FNMA, as plaintiff, filed a summary process (eviction) complaint in the Hampden County Housing Court with respect to real property located at 11 Butternut Street in Springfield, Massachusetts (the "premises"). Named in the complaint were both Neftali Rodriguez ("Rodriguez"), the owner of the premises prior to FNMA's acquisition of title through foreclosure, and Gonzalez, Rodriguez's former tenant, who was still occupying the premises. Rodriguez never responded to the complaint and, as the parties acknowledge, Gonzalez is the real party in interest.
On January 21, 2003, Gonzalez answered the complaint and asserted counterclaims under Massachusetts' consumer protection and civil rights statutes. Both of Gonzalez's counterclaims concern an FNMA notice left at or mailed to him following FNMA's acquisition of the premises. Gonzalez purported to assert the counterclaims on behalf of a class of persons who received similar FNMA notices as tenants or occupants of properties in the four western Massachusetts counties.
On February 26, 2003, FNMA and Gonzalez entered into a stipulation which provided for (1) the dismissal, without prejudice, of FNMA's summary process complaint and (2) the transfer of Gonzalez's counterclaims against FNMA from the summary process docket to the regular civil docket of the Housing Court. The stipulation further provided that, subject to an order of a court with jurisdiction, Gonzalez could remain at the premises but that, "[i]f at any time in the period prior to final resolution by settlement or final judgment (including appeals) of the claims alleged by Gonzalez in the counterclaim, FNMA deems itself insecure, FNMA may commence a new action against Gonzalez by re-filing the [summary process] complaint ..., but no new notice to vacate will be necessary." (Stipulation (attached to Document No. 3) ¶ 4.) Finally, the stipulation provided that, upon the transfer of the case from the summary process to the regular civil docket, "the parties shall be identified thereon as follows: Edwin Gonzalez as plaintiff and Federal National Mortgage Association as defendant." (Id. ¶ 5.) The stipulation was filed with the Housing Court on February 27, 2003.
On March 25, 2003, FNMA, citing 28 U.S.C. §§ 1441 and 1446, filed its notice of removal. FNMA explained that it is a congressionally chartered federal instrumentality and that federal subject matter jurisdiction exists pursuant to 12 U.S.C. § 1723a which allows it "to sue and be *89 sued, and to complain and defend, in any court of competent jurisdiction, State or Federal." (Document No. 8 ¶ 5.) Gonzalez, in turn, filed his motion to remand on April 24, 2003, and a hearing thereon was held on June 11, 2003.

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441, a "defendant" may remove a civil action presenting "a claim or right arising under the Constitution, treaties or laws of the United States." "The federal courts have interpreted this statutory grant of power narrowly." Kingsley v. Lania, 221 F.Supp.2d 93, 95 (D.Mass.2002). Accord Therrien v. Hamilton, 881 F.Supp. 76, 78 (D.Mass. 1995). Upon a motion to remand, the burden is upon the removing party to show that federal subject matter jurisdiction exists. See BTW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 830-31 (1st Cir.1997); Bally v. Nat'l Collegiate Athletic Ass'n, 707 F.Supp. 57, 58 (D.Mass.1988). Doubts about the propriety of removing an action should be resolved in favor of remand. See American Bldgs. Co. v. Varicon, Inc., 616 F.Supp. 641, 643 (D.Mass. 1985) (citations omitted).

III. DISCUSSION

The "threshold issue" in removal matters such as this is subject matter jurisdiction. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999). Although the issue of subject matter jurisdiction is sometimes thorny, see Beneficial Nat'l Bank v. Anderson, ___ U.S. ___, 123 S.Ct. 2058, 2061, 156 L.Ed.2d 1 (2003), the parties' positions here can be summarized succinctly. Gonzalez asserts that this court has no original jurisdiction because neither one of his state law claims raises a federal question. FNMA argues that its federal charter provides a sufficient basis for such jurisdiction and that a defense to at least one of Gonzalez's claimsi.e., as a federal instrumentality, it is immune from liability for double or treble damages otherwise available under the Massachusetts consumer protection statuteraises a federal question. Gonzalez, in turn, argues that federal question jurisdiction cannot be triggered by an affirmative defense. See Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Brae Asset Fund, L.P. v. Dion, 929 F.Supp. 29, 30 (D.Mass.1996).
In the court's estimation, this potentially nettlesome issue of subject matter jurisdiction need not be resolved at this time because Gonzalez's motion, by FNMA's own admission, raises a more immediate question: whether FNMA, having stipulated to the dismissal of its state law claim against Gonzalez and thereafter having been identified as the defendant to Gonzalez's counterclaims, can remove the matter as a "defendant" as that term is used in 28 U.S.C. § 1441. Unfortunately for FNMA, the court concludes that the answer to the question is no and that remand is therefore required.
At first blush, FNMA's position has appeal. As FNMA points out, the Supreme Court has held that the "sue and be sued" provision in a charter act of a similar federally chartered organization confers original jurisdiction over all eases to which the federally chartered corporation is a party, "with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." American Nat'l Red Cross v. S.G., 505 U.S. 247, 248, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). Nonetheless, FNMA concedes that Red Cross did not involve a counterclaim, as is present here, and that the removal statute only allows a "defendant" to remove a state court case to federal court. Thus, FNMA *90 acknowledges at a minimum that, as long as its original claim against Gonzalez continued to exist in the state lawsuit, its status as both plaintiff and defendant-incounterclaim in that suit made it impossible for it to remove the case to this court. See generally Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (plaintiff cannot remove on the basis of a federal question counterclaim). FNMA argues, however, that, once it dismissed its claim against Gonzalez, it no longer had a dual capacity as both plaintiff and defendant-in-counterclaim and that, as the "defendant" in the reconfigured lawsuit, it was entitled to remove the case to federal court.
FNMA's argument does not lack creativity. However, in the court's view, it lacks legal support. The court also believes that FNMA's position, if adopted, could wreak jurisdictional havoc.
FNMA's position is grounded in the notion that the lawsuit on the Housing Court's regular docketwhich identified FNMA as the defendantis completely distinct from the lawsuit it commenced (and then dismissed) on the summary process docket to evict Gonzalez. If anything, FNMA asserts, the reconfiguration of the lawsuit on the civil docket confirms that the summary process action no longer exists and that the counterclaim, in essence, is a second lawsuit. This position on FNMA's part is born out of necessity, for only the existence of two lawsuits can enable it to claim status as a pure defendant eligible to invoke removal. It is for this very reason that FNMA believes it can rely on Hingst v. Providian Nat'l Bank, 124 F.Supp.2d 449 (S.D.Tex.2000), which allowed a defendant, who had participated in a related case in state court, to remove a "wholly new lawsuit" to federal court because the defendant's conduct in the prior suit had no bearing o:i the removability of the latter.
FNMA's arguments to the contrary, the court cannot make two lawsuits out of the one FNMA initiated against Gonzalez in state court. The dismissal of FNMA's claim against Gonzalez and the subsequent realignment of the parties pursuant to their stipulation cannot be said to have created a second lawsuit. Indeed the title to the stipulation itself makes clear that it was Defendant Gonziilez's "counterclaim" which was to be transferred to the regular civil docket. The outright dismissal of FNMA's claim to evict Gonzalez did not change the unitary nature of the action, and the reidentification of the parties, as provided for in paragraph 5 of the stipulation, was nothing more than a convenient handle.[1]
As the Supreme Court made clear in Shamrock Oil, federal courts should not employ state procedural law to determine the meaning of the removal statute. Id., 313 U.S. at 104, 61 S.Ct. 868. "The removal statute," the Supreme Court explained, "which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied." id. The fact that the parties here may have recharacterized their positions vis-a-vis one another when FNMA was willing to dismiss its claim does not change the basic character of the lawsuit initiated by FNMA in state court to evict Gonzalez or, for that matter, the *91 counterclaims asserted by Gonzalez in his defense.
In many ways, the case at bar is indistinguishable from Reiter Oldsmobile, Inc. v. General Motors Corp., 477 F.Supp. 125 (D.Mass.1979). There, General Motors was a plaintiff and then a defendant-incounterclaim in a suit it initiated against Reiter Oldsmobile. When the Supreme Judicial Court transferred part of the action to the Superior Court, while retaining another part for its own disposition, General Motors invoked 28 U.S.C. § 1441 and removed to federal court that part of the case transferred to the Superior Court in which it was a defendant-in-counterclaim. General Motors argued that it became a "defendant" under section 1441 when the Superior Court clerk restyled the case and designated General Motors as defendant and Reiter Oldsmobile as plaintiff. Notwithstanding this reconfiguration, the district court held that the clerk's restyling of the case did not make General Motors a defendant within the meaning of sections 1441 and 1446. "The federal statutory directive is jurisdictional," the court explained. Id. at 126. "Its meaning is not dependent on the vagaries of different state laws and different interpretations of state laws, however authoritative they may be for state law purposes." Id. General Motors was a plaintiff in the action and remained so even after final disposition of its claims and the clerk's restyling of the counterclaim.
The same is true here as well. FNMA, by its own admission, had the choice to commence this action in federal or state court. Having opted for a state forum, it cannot be given a second opportunity to exercise that choice when it dismissed its action. See Shamrock Oil, 313 U.S. at 106, 61 S.Ct. 868 (quoting legislative history of removal statute that "`it is believed to be just and proper to require the plaintiff to abide his selection of a forum'"); Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 14 (1st Cir.1990) (observing that, under removal statute, "a plaintiff should not be permitted to alter the forum that it selects to litigate its claim against a particular defendant") (citation and internal quotation marks omitted). Since there was only one lawsuit in the state court, FNMA remained a defendant-in-counterclaim and its argument in opposition to Gonzalez's motion to remand necessarily falls of its own weight.

IV. CONCLUSION

For the reasons stated, Gonzalez's motion to remand is ALLOWED.
NOTES
[1] There is no question that Gonzalez, as a residential tenant, had the right to bring a counterclaim in the summary process action. See Mass. Gen. L. ch. 239, § 98A. This it not true for commercial tenants who must initiate a separate claim and then, if desired, move to consolidate the actions. See Fafard v. Lincoln Pharmacy ofMilford, Inc., 439 Mass. 512, 789 N.E.2d 147, 149 (20033.